Selena SANDERS, Administratrix of the
Estate of John Small, Deceased

v.

VENITE OF PHILADELPHIA, INC.
and
Keystone Concrete Company.
Civ. A. No. 34349.

United States District Court
E. D. Pennsylvania.
Dec. 22, 1965.

J. Grant McCabe, III, of Rawle & Henderson, Philadelphia, Pa., for defendants.

William P. Stewart, of Swartz, Campbell & Detweiler, Philadelphia, Pa., for plaintiff.

BODY, District Judge.

On November 9, 1962 plaintiff's decedent, a laborer employed by John B. Kelly, Inc., was allegedly struck on the head and killed by a falling wooden beam at the construction site of the Decker Apartments in Bala Cynwyd, Pennsylvania. The plaintiff instituted this diversity action against Venite of Philadelphia, Inc. and the Keystone Concrete Company alleging that said death was negligently caused by defendants, their agents, servants or employees while acting within the course and scope of their agency or employment in permitting the beam to fall, in failing to provide safeguards, and in failing to properly instruct their employees.

In their Answer, defendants denied having had any connection whatsoever with the construction in question and therefore denied any liability for the death of plaintiff's decedent. On April 1, 1964 plaintiff took the deposition of Morris Ockman, president of Venite of Philadelphia, Inc. and secretary-treasurer of Keystone Concrete Company. Mr. Ockman testified that neither defendant had contracted with the owner or builder of the Decker Apartments and that neither corporation performed any work at that construction site during November of 1962. It appears from this deposition that Mr. Ockman is also the secretary-treasurer of another corporation known as the Venite Processed Floor Company. This third company did have a contract with Martin M. Decker, the owner of the apartments in question.

All three companies (Venite of Philadelphia, Inc., Keystone Concrete Company, and Venite Processed Floor Company) are family corporations with the same family members serving as officers. However, defendants allege that the companies are distinct corporate entities and maintain separate records, books, and payrolls.

In view of the foregoing facts, defendants filed the instant Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Their motion was supported by the affidavit of Morris Ockman which contains the same averments he gave when deposed by plaintiff in April 1964. Plaintiff, Selena Sanders, has filed her opposing

**56**

affidavit which, for the most part, offers reasons why Venite Processed Floor Company was never named as a defendant. Plaintiff's chief averment is that she believed that Venite of Philadelphia, Inc. and Venite Processed Floor Company were identical companies and that the Keystone Concrete Company was a related company with all companies having common ownership and management. Plaintiff failed to establish any such relationship during its pre-trial discovery. After having deposed Morris Ockman in April 1964, when it was learned that Venite Processed Floor Company alone had contracted with the apartment owner, plaintiff could still have sued this third corporation but did not do so.

From an examination of the pleadings and affidavits and after a consideration of the briefs and oral arguments, I am convinced that plaintiff cannot prove her allegations now or at some future date and will therefore enter summary judgment in favor of both defendants, since no "material issue of fact exists" within the meaning of Rule 56(c).